IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TERRY HAWES,　　　　　　　　　　　　　　No. C 15-3477 WHA (PR)

　　　　　Plaintiff,　　　　　　　　　　　　　　**ORDER OF DISMISSAL**

　v.

SHERIFF ROBERT DOYLE,

　　　　　Defendant.
　　　　　　　　　　　　　　　　　　　/

### INTRODUCTION

This is a pro se civil rights complaint filed by a California prisoner proceeding pro se under 42 U.S.C. 1983.  He seeks money damages from the Sheriff of Marin County because the bailiff in his criminal trial allegedly violated his constitutional rights by failing to intervene when plaintiff requested to proceed pro se.  For the reasons discussed below, the complaint is **DISMISSED** without prejudice.

### DISCUSSION

**A.   STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id.* at 1915A(b)(1),(2).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds

upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   LEGAL CLAIMS**

Plaintiff claims that the bailiff in his criminal trial violated his equal protection rights by failing to intervene when plaintiff sought to represent himself. He seeks 25 million dollars in damages.

Plaintiff's claim, even if it amounted to a colorable claim for the violation of his constitutional rights, is barred. The United States Supreme Court has held that to recover damages for an allegedly unconstitutional confinement, or for other harm caused by actions whose unlawfulness would render the confinement invalid, a plaintiff must prove that the judgment has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 114 S. Ct. 2364, 2372 (1994). Success on plaintiff's claim would necessarily imply the invalidity of his resulting conviction, sentence and present commitment. Accordingly, plaintiff's complaint is dismissed without prejudice to refiling when and if his conviction is overturned or otherwise called into question. *See generally Alvarez-Machain v. United States*, 107 F.3d 696, 700-01 (9th Cir. 1997).

**CONCLUSION**

For the reasons set out above, this action is **DISMISSED** without prejudice.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: August    31   , 2015.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE